UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 13-748 (SDW) |
| v. | |
| JOSEPH WOLFSON et al., | ORDER |
| Defendants. | |

---

The Court, having conducted a conference on March 30, 2015 during which the Government provided the Court with an update on the status of the case and certain Defendants provided the Court with an update on their ongoing efforts to prepare for trial which include among other things, reviewing voluminous discovery materials and preparing pretrial motions, it is on this 13 day of April 2015,

**ORDERED AS FOLLOWS:**

1. <u>Pretrial Motions</u>. Pursuant to the Court's Order of December 8, 2014, the Government shall provide Defendants with all pre-marked trial exhibits, including but not limited to the final versions of audio recordings and transcripts that the Government will seek to introduce into evidence at trial, by no later than June 17, 2015. Accordingly, except as provided in paragraph 2 below, the parties shall file all of their pretrial motions by no later than July 27, 2015, their oppositions by no later than August 17, 2015 and their replies by no later than August 27, 2015. The parties shall consent to reasonable extensions of the above-referenced deadlines if necessary.

2. <u>Government Pretrial Motions Related to Defense Exhibits</u>. Pursuant to the Court's Order of December 8, 2014, Defendants shall provide the Government with all of

their pre-marked trial exhibits by no later than August 17, 2015. Accordingly, the Government shall file all pretrial motions (other than challenges to authenticity) that result from it having received the Defendants' exhibits, by no later than August 27, 2015, and Defendants shall file their oppositions by no later than September 2, 2015. The parties shall consent to reasonable extensions of the above-referenced deadlines if necessary.

3. Authenticity of Exhibits. Pursuant to the Court's Order of December 8, 2014, the authenticity of all exhibits disclosed to and examined by counsel pursuant to the provisions of paragraphs 1 and 2 of this Order shall be deemed to have been accepted by either Defendants or the Government unless counsel files with the Court a notice that the authenticity of one or more exhibits will be contested at trial, together with a statement delineating why the authenticity of the exhibit is being challenged, together with a certification that the challenge to authenticity is being made in good faith. The notice described above shall be filed by Defendants no later than August 17, 2015, and by the Government no later than September 1, 2015.

4. Pretrial Conference. The Court will conduct a pretrial conference on September 3, 2015 at 11:00 a.m. During the conference, the Court will hear argument on all pretrial motions filed in accordance with the deadlines referenced above in paragraphs 1, 2 and 3.

5. Proposed Voir Dire and Jury Instructions. The parties shall file proposed *voir dire* and preliminary jury instructions by no later than September 3, 2015.

6. Jencks and Giglio Material. The Government shall produce all statements within the meaning of the Jencks Act, 18 U.S.C. § 3500, and impeachment evidence

within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), sufficiently in advance of the witness's testimony to avoid delay in the trial. Similarly, the Defendants shall produce "reverse Jencks" statements sufficiently in advance of the witness's testimony to avoid delay in the trial.

7. <u>Trial Date.</u> Trial in this matter has been set for September 15, 2015 at 9:00 a.m. Jury Selection will begin on September 10, 2015 at 9:00 a.m.

8. <u>Speedy Trial Act Exclusion.</u> Upon the application of the United States, made during the above-referenced March 30, 2015 status conference, by and through Steven Tugander, Trial Attorney, and with the consent of each of the Defendants, except Defendant Gehring, who objects, it is hereby ORDERED that the time from March 30, 2015 until September 15, 2015, the date that trial is to commence, shall be excluded for the purposes of computing time pursuant to the Speedy Trial Act, 18 U.S.C. 3161(h)(7)(A), (h)(7)(B)(ii), and (h)(7)(B)(iv.). The Court finds that the granting of such an exclusion best serves the ends of justice and outweighs the best interests of the public and the Defendants in a speedy trial, because the case is complex, the discovery that has been produced to Defendants is voluminous, and the failure to grant such a continuance would deny counsel for the Defendants the reasonable time necessary to review the discovery, prepare pretrial motions and effectively prepare for trial, taking into account the exercise of due diligence.

---

SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE

3